## CHARLES COX AND ANOTHER v. WRIGHT-HENNEPIN COOPERATIVE ELECTRIC ASSOCIATION AND OTHERS.

161 N. W. (2d) 294.

August 16, 1968—No. 41,063.

 

*William E. Crowder, Clarence O. Johnson,* and *Gerald Hanratty,* for appellants.

*Meagher, Geer, Markham & Anderson* and *O. C. Adamson II,* for respondent association.

*Stringer, Donnelly & Sharood,* for respondent Frank Thies.

*Drake & Drake* and *John W. Simpson,* for respondent Elmer Thies.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

## Facts

Charles Cox sustained personal injuries on December 2, 1962, when a 30-foot red cedar pole, installed in a farmyard, broke while he was working on it, causing him to fall to the ground and sustain personal injuries on account of which the present action was instituted by Cox and his wife. The complaint filed initially charged negligence on the part of Page & Hill, Inc., supplier of the pole, but plaintiffs' cause of action as against this defendant was dismissed prior to trial. The complaint also charged that defendant Wright-Hennepin Cooperative Electric Association, which supplies the electricity to the premises where the pole was located, was negligent in failing to inspect the pole and discover the defects which resulted in its collapse. But the trial court, upon evidence disclosing that the pole had been neither supplied nor installed by the cooperative association, directed a verdict in its favor and the time for appeal from the judgment then entered in its favor has expired.[1]

## Issues

The present appeal is effectual to raise these issues:

[1] In Cox v. Wright-Hennepin Co-op. Elec. Assn. 281 Minn. 568, 161 N. W. (2d) 293, we held that an order vacating this judgment after the time for appeal from it had expired was a nullity.

(1) Did the trial court err in refusing plaintiffs' request to instruct the jury that the failure of defendants Frank Thies, owner of the premises involved, and Elmer Thies, in possession of the premises under an arrangement whereby the crops raised on it were shared with the owner, were subject to the provisions of Minn. St. 1965, § 326.32,[2] and §§ 47 and 213 of the National Electrical Safety Code relating to electrical lines and equipment?

(2) Does the evidence establish negligence on the part of defendants Thies or either of them as a matter of law?

### Decision

1. The pole involved was installed in 1938 by an electrical contractor employed for the purpose by Elmer Thies.

Minn. St. 1965, § 326.32, subd. 1, provided:

"All electrical wiring, apparatus, and equipment for electric light, heat and power shall * * * [be] in conformity with approved methods of construction for safety to life and property. The regulations as laid down in the national electrical code as approved by the American standards association * * * shall be prima facie evidence of such approved methods; * * *."

Section 47 of the National Electrical Safety Code provides in part:

"Electric supply lines mean those conductors and their necessary supporting or containing structures which are located entirely outside of buildings and are used for transmitting a supply of electrical energy."

Section 213(A) (2) of this code provides:

"Lines and equipment shall be systematically inspected from time to time by the person responsible for the installation."

There was no error assertable by plaintiffs as against defendants Thies because of the failure to give this instruction as requested. The purpose of § 326.32 was to fix minimum standards for the regulation of persons and corporations engaged in installing or repairing electrical wires and apparatus. L. 1899, c. 312, approved April 2, 1899, from which §§ 326.24

---

[2] Repealed by L. 1967, c. 602, § 17.

to 326.32 were derived, is so entitled. The regulations involved were intended to apply to electricians, producers, and distributors of electric energy. Erlandson v. Northern States Power Co. 258 Minn. 482, 104 N. W. (2d) 859.[3] The person who installed the pole on the Thies farm was not a party to this action. It is not claimed that either of defendants Thies is or has been engaged in the business of making electrical installations. As to them, therefore, the statute relied upon has no application.

■ Plaintiffs failed to establish that defendants Thies or either of them was negligent as a matter of law in failing to discover the defective condition of the pole which caused it to break while plaintiff Charles Cox was working on it. The defect was not apparent.

Elmer Thies, who ordered the installation of the pole in 1938, knew or should have known that it was not treated in such a way as to make it impervious to decay when placed in the ground. It is also a fact that the pole had been in position for approximately 22 years as of the time the accident occurred. There was expert testimony produced indicating that the decay of that portion of the pole which was beneath the surface of the ground and which caused it to collapse would have been discovered if a trench approximately 3 feet in depth had been dug around the base of the pole to permit a probe for soft or decayed material in it. But the expert himself conceded that "this is quite a chore." There was nothing about the portion of the pole above ground to indicate hazardous decomposition. Plaintiffs' expert testified that pockets of decay on the side of that section of the pole above the ground were "fairly shallow * * * only going into the sapwood or outer part of the pole." Defendants cannot be charged as a matter of law with knowledge that the part of the pole beneath the level of the ground had so far deteriorated as to make it unsafe in view of the testimony of plaintiffs' expert with respect to untreated poles. In his opinion, "there is a great deal of variability between the life expectancy of poles of the same specie and you can't predict it by looking at

---

[3] It is unnecessary to consider the constitutional problem involved if the National Electrical Safety Code is to be applied by statutory reference. See, 29 C. J. S., Electricity, § 2(1); 13 Am. Jur. (2d) Buildings, § 31; Annotation, 75 A. L. R. (2d) 778.

the pole ahead of time. Some poles might last ten years and another pole looking just like it might last 30 years."

Elmer Thies had climbed the pole himself on prior occasions and experienced no difficulty. He had no actual knowledge of the defect on the day of the accident.

Our conclusion is that the evidence is not adequate to justify rejection of the jury finding, adopted by the trial court, that these defendants neither knew nor had reason to know of a defect in the light pole which would have been discoverable only upon inspection and analysis of its condition below the level of the ground in which it was placed. See, Annotation, 97 A. L. R. (2d) 666.

Other contentions made by plaintiffs require only brief comment. The fact that certain realty owned by Frank Thies was transferred without real consideration after the occurrence of the accident was properly received in evidence to show a consciousness of the liability and a purpose to evade satisfaction. Johnson v. O'Brien, 258 Minn. 502, 105 N. W. (2d) 244, 88 A. L. R. (2d) 577. But such evidence does not establish negligence as a matter of law. Whether Frank Thies would be vicariously liable for the failure of Elmer Thies to discover the defective condition of the pole is immaterial in view of the jury's finding, confirmed by the trial court, to the effect that neither of the Thies brothers knew or had reason to know of the defect.

Affirmed.